## Farmer's Co-operative Trust Company, Appellant, v. Hazen.

*Corporations—Directors—Alienation of all the assets—Stockholders—Assessment.*

A co-operative banking company organized under the Act of April 14, 1886, P. L. 100, was notified by the banking department that it was conducting a business not authorized by its charter. Thereupon the directors without any authority from the stockholders conveyed all the assets to a new company which assumed all the liabilities of the old company provided that the old company should make " good any and all losses or discrepancies that may occur between the assets and liabilities." The new company administered the assets, paid the liabilities, and claimed a balance of several thousand dollars. The directors of the old company thereupon levied an assessment on the stock of the old company, which had not been fully paid. *Held,* that the assessment could not be collected.

Whether at the time the agreement was made, the company was insolvent, or solvent but incapable of proceeding in its business by reason of want of corporate power, it was the duty of the directors to proceed according to law, to place the assets of the company in such custody as to protect the interests of the stockholders and creditors, and with those who should be accountable for the administration of the trust in winding up the corporate affairs. No justification can be found for the course taken by the directors in making voluntary alienation of all the assets and in entrusting their administration to a company which assumed no obligation to account for profits but reserved the right to hold the plaintiff company good for deficiencies.

Argued May 20, 1902. Appeal, No. 51, April T., 1902, by

plaintiff, from judgment of C. P. Crawford Co., Feb. T., 1901, No. 50, for defendant on case stated in case of Farmers' Co-operative Trust Company v. Jesse Hazen. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Case stated to determine liability for an assessment on stock.

From the case stated it appeared that the plaintiff corporation was chartered, December 28, 1880, under act of April 14, 1868, P. L. 100, with a capital stock of $20,000, seven per centum of which was actually paid in, and that ten per centum of said amount had been called and paid in prior to the issuing of the call over which this controversy arises; that in persuance of its charter, the plaintiff company began on or about May 1, 1881, and conducted until January 8, 1896, a general banking business; that the stockholders chose annually, in the month of January, up to and including January, 1894, a board of directors to serve one year, or until their successors were duly qualified, and that the said meeting in January, 1894, was the last meeting ever held by the stockholders of plaintiff company; that defendant was not an original subscriber for stock, but shortly after the organization of plaintiff company he became the purchaser of certain shares subscribed for, and in 1882 was elected a director in plaintiff company, and served in such capacity until January, 1890; that by reason of notice from the banking department of the commonwealth to the effect that plaintiff company was conducting a business not authorized by their charter, the directors of plaintiff company did, in 1894, take action for the purpose of reorganizing or winding up the business of plaintiff company, which action culminated, January 8, 1896, in turning over by said directors all the business and conveying all the property of the plaintiff company to a newly organized corporation, known as the Farmers' Co-operative Banking Association, which last-mentioned company assumed all the liabilities of plaintiff company and took all of its assets, with the provision that plaintiff company should make good any and all losses or discrepancies between said liabilities and certain of the assets; that the Farmers' Co-operative Banking Association collected

all of the assets available by due diligence and paid all of the liabilities of plaintiff company, whereupon it resulted that, under the terms of the above-mentioned contract, the plaintiff company was indebted to the said Farmers' Co-operative Banking Association in the sum of $4,000; that on April 24, 1897, a final meeting of the directors of plaintiff company was had, at which they "levied an assessment" or issued a call of forty per centum upon the available stock of the corporation, for the purpose of paying the above-mentioned indebtedness of $4,000 to the Farmers' Co-operative Banking Association; that the cashier of the Farmers' Co-operative Banking Association was the cashier of plaintiff company, and a majority of the directors of the said banking association at the time of the above-mentioned transfer were stockholders and directors in plaintiff company; and that the directors of plaintiff company filed but one report,. as provided by section 5 of the act under which it was incorporated, and this on February 6, 1883.

The court entered judgment for defendant on the case stated.

*Error assigned* was in entering judgment for defendant on the case stated.

*James W. Smith* and *James R. Adams*, for appellant.—The directors of a corporation have the power to make an assignment of its property without the express authority of its stockholders so to do: Catlin v. Eagle Bank, 6 Conn. 233; Reichwald v. Commercial Hotel Co., 106 Ill. 439; Sargent v. Webster, 13 Metc. (Mass.) 497; Dana v. Bank of United States, 5 W. & S. 223; Union Bank v. Ellicott, 6 Gill & J. 363; Merrick v. Bank of Metropolis, 8 Gill, 59; DeCamp v. Alward, 52 Ind. 468; Weimer on Penna. Corp. Law, p. 211; Ardesco Oil Co. v. North American Oil, etc., Co., 66 Pa. 375; Ahl v. Rhoads, 84 Pa. 319; Lehigh Iron Co.'s Assigned Est., 12 Pa. C. C. Rep. 257; News v. Shackamaxon Bank, 16 W. N. C. 207.

*C. W. Tyler*, for appellee.—The directors of plaintiff company were its agents to conduct its business, not to destroy it; and the agreement by which they sold and transferred the property and assets of the corporation to the banking association

without the knowledge or assent of all the stockholders of the trust company, was wholly illegal and void, and all the more illegal because the directors of plaintiff company were the high contracting parties of both corporations, and the sole beneficiaries under the agreement: Temperance Assn. v. Friendly Society, 187 Pa. 38; Mercantile Library Hall Co. v. Pittsburg Library Assn., 173 Pa. 30; Balliett v. Brown, 103 Pa. 546; Bedford R. R. Co. v. Bowser, 48 Pa. 29; Langolf v. Seiberlitch, 2 Parsons, 64; Com. v. Cullen, 13 Pa. 133.

OPINION BY WILLIAM W. PORTER, J., July 10, 1902:

This action is brought in the name of a corporation for the recovery of a forty per cent assessment on certain shares of stock held by the defendant as transferee of original subscribers. In July, 1894, the company was notified by the banking department of the commonwealth that it was conducting a business unauthorized by its charter. In January, 1896, without action by the stockholders, the directors sold the fixtures of the plaintiff company to a new company (formed by some of the stockholders of the plaintiff company) and entered into an agreement by which the new company agreed to assume the liabilities of the plaintiff company and to take over all of its assets (some without recourse and others subject to collection), provided the plaintiff company should make " good any and all losses or discrepancies that may occur between the assets and liabilities." It is to be observed that no obligation was assumed by the new company to administer the assets for the benefit or possible profit of the old company, its stockholders or creditors; but that the old company agreed to indemnify the new against loss. The new company collected the available assets, paid the liabilities, and presented a claim of $4,000 to the old company, being the alleged resulting discrepancy between the assets realized upon and the liabilities paid. To meet this demand the directors of the old company made the assessment of forty per cent on its stock. It will be noticed that this is not an application on the part of creditors to compel payment of an unpaid subscription to capital stock. It is a suit in the name of the company based on an assessment made by directors (without warrant of by-law, or other authority given by stockholders) to raise funds to pay an alleged indebtedness arising out

of an agreement (made by directors without authority from stockholders) by which was surrendered the administration of all of the corporate assets. Whether at the time the agreement was made, the company was insolvent, or solvent but incapable of proceeding in its business by reason of want of corporate power, it was the duty of the directors to proceed according to law, to place the assets of the company in such custody as to protect the interests of the stockholders and creditors, and with those who should be accountable for the administration of the trust in winding up the corporate affairs. No justification can be found for the course taken by the directors in making voluntary alienation of all the assets and in entrusting their administration to a company which assumed no obligation to account for profits, but reserved the right to hold the plaintiff company good for deficiencies. Therefore, there was no warrant to the directors to impose an assessment on stockholders based upon an alleged indebtedness growing out of the agreement made as aforesaid. Holding this view, which is believed to be sustained by Temperance Association v. Friendly Society, 187 Pa. 38, and Mercantile Library Hall Co. v. Pittsburg Library Association, 173 Pa. 30, reference to other matters of defense seems unnecessary.

Judgment affirmed.